UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>                    Respondent/Plaintiff,<br><br>    v.<br><br>Danielle Lacharis Buck,<br><br>                    Petitioner/Defendant. | Case No. 2:19-cr-00136-KJD-BNW<br>No. 2:23-cv-01143-KJD<br><br>**<u>Order</u>** |

Presently before the Court is Movant's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#65). The Government did not file a response. For the reasons stated below, Movant's motion is denied.

I.    <u>Factual and Procedural Background</u>

On October 26, 2021, Danielle Buck ("Buck") pled guilty to mail fraud and aggravated identity theft under 18 U.S.C. § 1341 and 18 U.S.C. § 1028A(a)(1). (#46). On May 10, 2022, the Court sentenced Buck to twenty-one (21) months imprisonment for mail fraud and twenty-four (24) months imprisonment for aggravated identity theft, for a total of forty-five (45) months, followed by thirty-six (36) months of supervised release. (#61/64). Buck did not appeal her conviction, so her judgment became final fourteen days later on May 24, 2022. Buck now requests that the Court vacate her 24-month sentence under 28 U.S.C. § 2255, asserting that her aggravated identity theft conviction now invalid in light of in <u>Dubin v. United States</u>, 599 U.S. 110 (2023). (#65).

II.    <u>Legal Standard</u>

28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. 28 U.S.C. § 2255(f). As relevant here, the limitations period runs from the

latest of "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(1), (3).

III.   <u>Analysis</u>

On July 20, 2023, Buck filed this motion to vacate, arguing that because identity theft was not the crux of her case, but rather fraud was, a conviction under 18 U.S.C. § 1028A(a)(1) is not warranted, relying on the Supreme Court's holding in <u>Dubin</u> as support for her argument. (#65, at 1). Before addressing the merits of Buck's argument, the Court must first determine whether her motion is timely, and upon review, the Court finds it untimely.

**A.  Timeliness Under 28 U.S.C. § 2255(f)**

Although the Court must construe pro se pleadings liberally, "pro se litigants are bound by the rules of procedure." <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995). As stated above, Buck's motion could be considered timely in either of two ways. <u>See</u> 28 U.S.C. § 2255(f)(1), (3). First, under § 2255(f)(1), because her judgment became final on May 24, 2022, she had to file her motion no later than May 24, 2023, for it to be considered timely. <u>See</u> 28 U.S.C. § 2255(f)(1). It is undisputed that Buck filed her motion on July 20, 2023, approximately fifty-seven (57) days after the one-year period of limitations had expired. (#65, at 1). Therefore, Buck's motion is untimely under 28 U.S.C. § 2255(f)(1).

Second, under § 2255(f)(3), Buck's motion could be considered timely if it was filed within one year of the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). While Buck does argue that her sentence must be vacated after <u>Dubin</u>, she makes no argument that <u>Dubin</u> recognized a new right that would be retroactively applicable.[1] (<u>See</u> #65, at 1). Moreover, assuming, without deciding, that <u>Dubin</u> did recognize a new right, Buck's argument would still fail because nothing in that opinion was made retroactive to cases on collateral review. <u>See</u> 599 U.S. at 110; <u>cf.</u> <u>Welch v.</u>

---

[1] Because <u>Dubin</u> was published on June 8, 2023, had Buck persuaded the Court that <u>Dubin</u> recognized a new right that was made retroactively applicable, the Court would have found Buck's motion timely.

1    United States, 578 U.S. 120, 135 (2016) (holding that Johnson v. United States, 576 U.S. 591

2    (2015) is retroactive in cases on collateral review). Accordingly, Buck's motion is untimely

3    under 28 U.S.C. § 2255(f)(3).

4    IV.    Certificate of Appealability

5         Finally, the Court must deny a certificate of appealability. To proceed with an appeal,

6    petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P.

7    22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950 (9th Cir. 2006); see also United

8    States v. Mikels, 236 F.3d 550, 551 (9th Cir. 2001) ("Congress had provided that an appeal

9    cannot be taken from a final order in a section 2255 proceeding unless a circuit justice or judge

10   issues a certificate of appealability.") (quotations omitted). Determining whether a certificate of

11   appealability should be issued when the petition is dismissed on procedural grounds has two

12   components[.]" Slack v. McDaniel, 529 U.S. 473, 484 (2000). A certificate of appealability

13   should be issued if the prisoner shows (1) "that jurists of reason would find if debatable whether

14   the petition states a valid claim of the denial of a constitutional right, and (2) that jurists of

15   reason would find it debatable whether the district court was correct in its procedural ruling."

16   Petrocelli v. Angelone, 248 F.3d 877, 883–84 (9th Cir. 2001). Buck has not met her burden in

17   demonstrating to the Court that either of these components has been satisfied, let alone both. As

18   such, a certificate of appealability is not warranted.

19   V.    Conclusion

20        Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or

21   Correct Sentence under 28 U.S.C. § 2255 (#65) is **DENIED**.

22        **IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for

23   Respondent and against Movant in the corresponding civil action, 2:23-cv-01143-KJD, and close

24   that case.

25   //

26   //

27   //

28   //

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

Dated this 9th day of April 2024.

Kent J. Dawson
United States District Judge