UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DANIELLE LACHARIS BUCK,<br><br>　　　　　　　　　　　　Defendant. | Case No. 2:19-cr-00136-KJD-BNW<br><br>**ORDER – Denying Motion for Sentence Reduction** |

Presently before the Court is Defendant's pro se Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c) (#66). Under General Order 2023-09, the Federal Public Defender's Office was appointed to determine whether Defendant qualified for her requested relief and was required within 30 days of a pro se motion for relief under Amendment 821 to file a contested motion, a joint stipulation for a sentence reduction, or a notice of non-eligibility. Here, the FPD's office filed a notice of non-eligibility, explaining that upon review of Defendant's "pro se filing" and "additional relevant documents," it was determined that "Danielle Lacharis Buck does not qualify for a sentence reduction." (#70). For the reasons stated below, Defendant's motion is denied.

I.　　Factual and Procedural Background

On May 10, 2022, Defendant was sentenced to forty-five (45) months' imprisonment for committing mail fraud, in violation of 18 U.S.C. § 1341, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). (#64). Liberally construed, Defendant now moves the Court for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (#66).

II.　　Legal Standard

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general of finality. Dillon v. United States, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. Dillion, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. Id. at 827.

### III. Analysis

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

**A. Part A**

"Part A of Amendment 821 limits the overall criminal history impact of 'status points' . . . under § 4A1.1 (Criminal History Category)." Id. at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. Here, Defendant did not receive any "status points" when she was sentenced, thus she is not eligible for a sentence reduction under Part A of Amendment 821. (See PSR, at 8).

//
//

**B. Part B**

Part B, Subpart 1 of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose instant offense did not involve specified aggravating factors. Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). At the time of sentencing, Defendant had one criminal history point, indicating that she was not a zero-point offender, and thus, she is ineligible for a sentence reduction under Part B of Amendment 821. (See PSR, at 10).

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c) (#66) is **DENIED**.

Dated this 9th day of May 2024.

_____
Kent J. Dawson
United States District Judge